AUSA: Ariana L. Bloom

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARCUS RESPRESS,
TREMONTY CRAWFORD,
QUZEAK ROBINSON,
DEAVON REED, and
DAMONE BELL

Defendants.

**26 MAG 1984**

**SEALED COMPLAINT**

Violations of 18 U.S.C. §§ 371, 922(g)(1), 933(a)(3), and 2

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

Alexander D. Charleson, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
**(Firearms Trafficking Conspiracy)**

1. In or about May 2026, in the Southern District of New York and elsewhere, MARCUS RESPRESS, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit firearms trafficking, in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

2. It was a part and an object of the conspiracy that MARCUS RESPRESS, the defendant, and others known and unknown, would and did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Title 18, United States Code, Section 932(a)), in violation of Title 18, United States Code, Section 933(a)(1), to wit, RESPRESS agreed with others known and unknown to transfer firearms to a confidential source, having reasonable cause to believe that the confidential source was an individual for whom possession of a firearm was a prohibited felony under Title 18, United States Code, Section 922(g)(1).

(Title 18, United States Code, Section 933(a)(3))

**COUNT TWO**
**(Possession of Firearms and Ammunition After a Felony Conviction)**

3. In or about May 2026, in the Southern District of New York and elsewhere, MARCUS RESPRESS, TREMONTY DAVID CRAWFORD, and QUZEAK ROBINSON, the defendants, knowing they had previously been convicted in a court of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit, RESPRESS, CRAWFORD, and ROBINSON possessed approximately 14 firearms, including (1) one 9 mm Hi-Point pistol, (2) one 9 mm Polymer80 pistol, (3) one 9 mm Stoeger pistol, (4) four 9 mm Taurus pistols, (5) one .45 caliber Taurus pistol, (6) two .40 caliber Taurus pistols, (7) two Smith & Wesson pistols, (8) one 9 mm Glock pistol, (9) one 22 luger Glock pistol and approximately over 100 rounds of ammunition, and the firearms and ammunition were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2)

**COUNT THREE**
**(Interstate Transfer of Firearms Conspiracy)**

4. From at least in or about May 20, 2026 through at least in or about May 21, 2026, in the Southern District of New York and elsewhere, TREMONTY CRAWFORD, QUZEAK ROBINSON, DEAVON REED, and DAMONE BELL, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, namely, not being licensed importers, licensed manufacturers, licensed dealers or licensed collectors of firearms, together and with others, did knowingly and willfully transfer, trade, give, transport and deliver firearms to persons other than licensed importers, licensed manufacturers, licensed dealers and licensed collectors, knowing and having reasonable cause to believe that such persons did not reside in the same state in which they reside, to wit, CRAWFORD, ROBINSON, REED, and BELL, none of whom reside in New York, conspired to sell fourteen firearms to an individual in the Bronx, New York, in violation of Title 18, United States Code, Sections 922(a)(5) and 2.

Overt Act

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about May 21, 2026, TREMONTY CRAWFORD, QUZEAK ROBINSON, DEAVON REED, and DAMONE BELL, the defendants, drove a car containing the following fourteen firearms—(1) one 9 mm Hi-Point pistol, (2) one 9 mm Polymer80 pistol, (3) one 9 mm Stoeger pistol, (4) four 9 mm Taurus pistols, (5) one .45 caliber Taurus pistol, (6) two .40 caliber Taurus pistols, (7) two Smith & Wesson pistols, (8) one 9 mm Glock pistol, (9) one 22 luger Glock pistol—to a location in the Bronx, New York to effectuate a sale there.

(Title 18, United States Code, Section 371.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I have been involved in the investigation of this matter, and I base this Complaint on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports, recordings, photographs, communications, and records. Because this Complaint is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of

documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. Based on my participation in this investigation, my conversation with other law enforcement officers, my conversations with a confidential law enforcement source ("CS-1")[1], my review of covert recordings made by CS-1, and my review of law enforcement reports and records, I know the following, among other things:

a. CS-1 and MARCUS RESPRESS, the defendant, had previously served time in jail together during which RESPRESS learned about CS-1's case that resulted in a felony conviction. In or around May 2026, RESPRESS, engaged in multiple communications with CS-1, who was posing as a drug trafficker, about providing firearms to CS-1's associate purportedly to aid in CS-1's associate's drug business.

b. On or about May 21, 2026, RESPRESS sent CS-1 the below screenshot showing approximately thirteen firearms which RESPRESS represented could be sold to CS-1. In response, CS-1 indicated, in substance and in part, that CS-1's associate was interested in purchasing firearms.



c. That same day, that is, May 21, 2026, RESPRESS arranged a three-way

[1] CS-1 has been providing information to law enforcement since approximately the fall of 2025. CS-1 currently receives monetary compensation in exchange for the information and assistance CS-1 provides to law enforcement. CS-1's information has been reliable and corroborated by other independent evidence, including the other evidence contained in this complaint. Before the fall of 2025, CS-1 was convicted of criminal offenses, robbery in the second degree, in violation of New York Penal Law, Section 160.10, and criminal possession of a weapon in the third degree, in violation of New York Penal Law, Section 265.02.

video call between himself, CS-1 and another individual to discuss the logistics of a firearms sale. RESPRESS also communicated with CS-1 directly several additional times over the course of the day. As a result of those conversations, RESPRESS agreed to broker a firearms transaction in which a seller would sell CS-1 approximately 15 firearms for a purchase price of $20,000. During those conversations, RESPRESS also informed CS-1 that the transaction would occur at a particular location in the Bronx, New York ("Address-1").

8. Based on my participation in this investigation, my conversation with other law enforcement officers, and my participation in surveillance in the vicinity of Address-1, I know the following:

a. On or about May 21, 2026 at approximately 5:20 p.m., at the direction of law enforcement, CS-1 picked up MARCUS RESPRESS, the defendant, and drove with RESPRESS to Address-1.

b. At approximately 6:18 p.m. on or about May 21, 2026, a gray Toyota Rav-4 bearing a particular South Carolina license plate (the "Gray Toyota") arrived in the vicinity of Address-1. An individual later identified as DEAVON REED, the defendant, approached RESPRESS and engaged RESPRESS in conversation. RESPRESS and REED then approached QUZEAK ROBINSON, the defendant, who was standing next to the Gray Toyota. RESPRESS then informed CS-1 that CS-1 should get into the Gray Toyota, and CS-1 agreed and did enter the car.

9. Based on my conversations with CS-1 and my review of covert video recordings that CS-1 made on or about May 21, 2026, I know the following, among other things, about what CS-1 observed inside the Gray Toyota:

a. While CS-1 was in the Gray Toyota, three individuals later identified as TREMONTY CRAWFORD, DEAVON REED, and DAMONE BELL, the defendants, were in the Gray Toyota. BELL was in the Driver's seat. CRAWFORD was initially in the backseat, but then got into the front passenger seat, and REED got into the rear passenger seat.

b. REED then reached into the trunk of the Target Vehicle and retrieved a box, which contained a backpack, a black bag, and cardboard boxes. REED lifted the backpack and revealed several firearms inside the two cardboard boxes. REED mentioned that "switches, clips, and bullets" were in the black bag. CS-1 and REED then discussed CS-1 purchasing bullets for approximately $250 to $300. The picture on the left below shows the box of firearms in the backseat of the Gray Toyota, and the picture on the right below shows ammunition that was located behind the front passenger seat.

 

c. CS-1 then exited the Gray Toyota and spoke to RESPRESS, who stated that CS-1 should give $6,000 to RESPRESS directly and give the remaining money to REED, ROBINSON, CRAWFORD and BELL in exchange for the firearms in the Gray Toyota.

10. Based on my participation in this investigation, including my participation in the arrests discussed below, my conversation with other law enforcement officers, and my review of law enforcement documents and records, I know the following, among other things:

a. At approximately 6:23 p.m. on or about May 21, 2026, approximately less than five minutes after CS-1 first entered the Gray Toyota, law enforcement officers approached the Gray Toyota.

b. When law enforcement officers approached the Gray Toyota, MARCUS RESPRESS, QUAZEAK ROBINSON, TREMONTY CRAWFORD, DEAVON REED, and DAMONE BELL, the defendants, all fled. After short foot chases, law enforcement apprehended the defendants, who then were identified, including the defendants other than REED all had photo identification cards on their persons.

c. Law enforcement officers recovered fourteen total firearms and approximately over 100 rounds of ammunition from the Gray Toyota. The firearms recovered included: (1) one 9 mm Hi-Point pistol, (2) one 9 mm Polymer80 pistol, (3) one 9 mm Stoeger pistol, (4) four 9 mm Taurus pistols, (5) one .45 caliber Taurus pistol, (6) two .40 caliber Taurus pistols, (7) two Smith & Wesson pistols, (8) one 9 mm Glock pistol, (9) one 22 luger Glock pistol. (the "Firearms"). Five of the firearms were loaded, and two of the firearms had extended magazines.

11. Based on my participation in this investigation, including my participation in the post-arrest interview of DEAVON REED, the defendant, (the "Reed Interview"), I know that on or about May 21, 2026, REED was advised of his *Miranda* rights, which he waived, and subsequently agreed to speak with law enforcement officers. Based on my participation in the Reed Interview, I know that REED said the following, in substance and in part, during the Reed Interview:

a. REED lives in Richmond, Virginia and arrived in New York-area approximately one or two nights prior to his arrest. REED was staying at a particular hotel in Patterson, New Jersey (the "Patterson Hotel") and was spending time at the Paterson Hotel with QUAZEAK ROBINSON, TREMONTY CRAWFORD, and DAMONE BELL, the defendants.

b. At the Patterson Hotel, one of the individuals REED was with messaged an account on Telegram to coordinate a firearms deal. REED and others then met with a Hispanic male from whom they purchased approximately 14 firearms in Patterson, New Jersey and brought the guns back to the Patterson Hotel.

12. Based on my participation in this investigation, including my participation in the post-arrest interview of DAMONE BELL, the defendant (the "Bell Interview"), I know that on or about May 21, 2026, BELL was advised of his *Miranda* rights, which he waived, and subsequently agreed to speak with law enforcement officers. Based on my participation in the Bell Interview, I know that BELL said the following, in substance and in part, during the Bell Interview:

a. BELL is an active member of the Air Force and is stationed in New Jersey.

b. BELL saw the firearms in the Patterson Hotel on the evening of May 20, 2026, that is, the day before the arrest.

c. On or about May 21, 2026, BELL drove the Gray Toyota from his residence in new Jersey to Address-1.

**Residence Requirement**

13. As noted above, based on my participation in the Reed Interview, I know that DEAVON REED resides in Virginia, and based on my participation in the Bell Interview, I know that DAMONE BELL resides in New Jersey.

14. Based on my participation in this investigation, my conversations with other law enforcement officers, and my review of law enforcement documents and records, I know that the photograph identification cards recovered from CRAWFORD and ROBINSON when they were arrested indicate that they live at particular addresses in South Carolina.

**Interstate Firearms Nexus and Firearms Licensing**

15. A Special Agent with ATF who is familiar with the manufacture of firearms and ammunition, who reviewed the firearms and ammunition in this case, and who is a foreign and interstate nexus expert has determined all firearms and ammunition with this case have affected and or traveled in interstate and/or foreign commerce.

16. Based on my review of records from the ATF's Federal Firearms Licensing database pertaining to gun licenses issued in South Carolina, Virginia, New Jersey, and New York, I know that no record or entry was found reflecting any issuance of a firearms license to MARCUS RESPRESS, QUAZEAK ROBINSON, TREMONTY CRAWFORD, DEAVON REED, or DAMONE BELL, the defendants.

**Prior Felony Convictions**

17. Based on my review of criminal history records, I know the following, among other things:

a. MARCUS RESPRESS, the defendant, has sustained at least the following felony convictions: (1) On or about October 25, 2005, MARCUS RESPRESS, the defendant, pled guilty in New York County Supreme Court to criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law, Section 165.45, a class E felony. On or about the same date, RESPRESS was sentenced to a one-year term of imprisonment. (2) On or about May 11, 2006, RESPRESS pled guilty in New York County Supreme Court to assault in the second degree, in violation of New York Penal Law, Section 120.05, a class D felony. On or about May 25, 2006, RESPRESS was sentenced to a one-year term of imprisonment. (3) On or about September 14, 2011, RESPRESS pled guilty in New York County Supreme Court to robbery in the first degree, in violation of New York State Penal Law, Section 160.15-04, a class B felony, and was sentenced to five years' imprisonment. (4) On or about September 8, 2014, RESPRESS, the defendant, pled guilty in Chemung County Court to knowingly introducing dangerous contraband into prison in the first degree, in violation of New York State Penal Law, Section 205.25-01, a class D felony, and was sentenced to an indeterminate term of 30 months' to 5 years' imprisonment.

b. TREMONTY CRAWFORD, the defendant, has sustained at least the following felony convictions: (1) On or about November 16, 2022, TREMONTY CRAWFORD, the defendant, was convicted of common law robbery, in violation of South Carolina Code, Section 16-11-325, a felony, and (2) On or about September 28, 2023, CRAWFORD was convicted of distribution of cocaine base in the second degree, in violation of South Carolina Code, Section 44-53-375(B)(2), a felony that carries a mandatory minimum of 5 years' imprisonment.

c. QUAZEAK ROBINSON, the defendant, has sustained at least the following felony convictions: (1) On or about February 14, 2019, QUAZEAK ROBINSON, the defendant, was convicted of a weapons offense, in violation of South Carolina Code, Section 16-23-50(A)(1), a felony, and (2) On or about August 17, 2022, QUAZEAK was convicted of assault and battery in the first degree, in violation of South Carolina Code, Section 16-3-600(C)(1), a felony.

* * *

WHEREFORE, I respectfully request that MARCUS RESPRESS, QUAZEAK ROBINSON, TREMONTY CRAWFORD, DEAVON REED, and DAMONE BELL, the defendants be imprisoned or bailed, as the case may be.

Alexander D. Charleson
Special Agent
Drug Enforcement Administration

Sworn to me on this 22d day of May, 2026.

THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York